UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
U.S. UNDERWRITERS INS. CO.,  :
 :
                Plaintiff,  :
 :     **SUMMARY ORDER**
        -against-  :     12-CV-3062(DLI)(MDG)
 :
101-19 37th AVENUE LLC, UNITED FOUNDERS  :
LTD., SAAL MANAGEMENT CORP., FEREYDOUN  :
POURATIAN, JOSE MONTESDEOCA and SONIA  :
MONTESDEOCA,  :
 :
                Defendants.  :
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On March 27, 2014, the Court granted U.S. Underwriters' motion for summary judgment and declaratory relief (the "Decision").[1] (*See* 3/27/14 Mem. & Or., Dkt. Entry No. 29.) On April 28, 2014, Defendants moved for reconsideration of the Decision (*see* Defs.' Mem. of L. in Supp. of Recon. ("Defs.' Mem."), Dkt. Entry No. 34); which U.S. Underwriters opposed (*see* Pl.'s Mem. in Opp'n to Recon. ("Pl.s' Opp'n"), Dkt. Entry No. 35). For the reasons set forth below, Defendants' motion for reconsideration is denied.

## DISCUSSION

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest

---

[1]     This Order is written for the parties and familiarity with the underlying facts and circumstances of this action is assumed. For a full discussion of this action, *see* the Decision. The Court incorporates all party-name abbreviations and designations from the Decision in this Order.

1

injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *Id.*; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4.

Defendants contend that, in holding that the Bodily Injury Exclusion barred coverage of the Montesdeoca Action, the Court ignored Mr. Montesdeoca's status as a "supplier" or "materialman" and improperly designated him as an "employee, volunteer worker, temporary worker or casual laborer . . . [p]erforming duties related to the conduct of any insured's business" or as a "contractor, subcontractor or any employee, volunteer worker, temporary worker or casual laborer of an contractor or subcontractor." (Defs.' Mem. at 2-7.) First, the Bodily Injury Exclusion, which was quoted in full in U.S. Underwriters' Disclaimer Letter to Defendants, defines "[c]asual laborer" as "any person providing work or materials to any insured for compensation of any type." (*See* Disclaimer Ltr.) Thus, it appears that the Policy itself excludes coverage for the Montesdeoca Action because, by Defendants' own admission, Mr. Montesdeoca was a supplier or materialman.

Nonetheless, the Court has reviewed the authority Defendants' submitted in support of their motion for reconsideration. The cases Defendants' submitted predated *Atlantic Cas. Ins. Co. v. W. Park Assocs., Inc.*, 585 F. Supp. 2d 323 (E.D.N.Y. 2008), which addressed coverage for an insured under a similar policy exclusion and concluded that the exclusion barred coverage for injuries suffered by an employee of a drywall delivery supplier. *Id.* at 325-27. The Court reiterates that this decision was persuasive and declines to establish a "supplier" or

"materialman" exception to such exclusions when there is limited support for creating such an exception.

## CONCLUSION

For the reasons set forth above, Defendants' motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 23, 2015

/s/
DORA L. IRIZARRY
United States District Judge